FILED
SUPERIOR COURT
OF GUAM

2019 OCT -8 PM 1: 45

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO: CF0217-09** |
| vs. | |
| **EDWARD THOMAS GAMBOA CRUZ,**<br>DOB: 09/02/1971 | **DECISION AND ORDER**<br>(Motion to Revoke Probation) |
| **Defendant.** | |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 17, 2019, upon the People of Guam's (the "People") Motion to Revoke Probation of Edward Thomas Gamboa Cruz ("Defendant"). Assistant Attorney General Rolland Wimberley represented the People. Assistant Public Defender Theresa Rojas represented Defendant. Upon review of the Parties' pleadings, oral arguments and legal authorities presented, the Court hereby **GRANTS** the People's Motion to Revoke Probation. A Sentencing Hearing is hereby set for *XX*, 2019. The Probation Services Division ("Probation") is ordered to complete a pre-sentencing investigation and Pre-Sentencing/Revocation Report, the latter to be filed by *XX*, 2019. The Parties are ordered to file sentencing memoranda, if any, by *XX*, 2019.

### BACKGROUND

On August 5, 2009, Defendant pled guilty to the charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)** pursuant to his

ORIGINAL

Deferred Plea Agreement. The Court sentenced Defendant to, *inter alia*, probation for a period of five years and imposed several conditions for that period. The conditions relevant to this Decision and Order fall under Section 11(f), and are stated as follows:

i. Defendant shall attend and successfully complete any drug or alcohol counseling program recommended by the Court after assessment at the Department of Mental Health and Substance Abuse [now known as Guam Behavioral Health and Wellness Center] at no cost to the Defendant[;] . . .

iii. Defendant shall report to the Probation Office three times per week or as ordered by the Court, and at those times will take a drug test if requested. Failure to take the drug test, if requested, will be considered a violation of probation[;] . . .

xii. Defendant shall not possess or consume any illegal controlled substances;

xviii. Defendant shall obey all federal and local laws of Guam; and

xix. Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office.

*(Deferred Plea Agreement 5-7, Aug. 5, 2019.)*

Shortly following his guilty plea, a first Violation Report was filed on September 10, 2009, after Defendant missed two drugs tests.[1] By December 22, 2015, Defendant had thirty-nine (39) violations filed against him. As a result, the People requested for Defendant's probation to be revoked. The Court denied this request on December 24, 2015. Instead, the Court gave Defendant an opportunity to complete his outstanding conditions by extending his probationary period until December 31, 2016. Nevertheless, by March 1, 2018, Defendant had forty-three (43) Violations. Accordingly, the People's second revocation motion was filed on March 8, 2018, and Defendant opposed on March 30, 2018. He pled for entry into the Guam Immediate Violation Enforcement Program ("GIVE") as another chance for recovery; to which the Court granted. Defendant evaded probation revocation and, in its place, began GIVE on May 5, 2018.[2] In spite of this chance, seven violations were filed against Defendant– exceeding the limit for violations.

A. **Defendant's Violations During GIVE.**

1. On July 2, 2018, a *first* Violation Report was filed against Defendant for ingesting an illegal controlled substance, *i.e.,* methamphetamine. During weekly reporting,

---

[1] This is Defendant's first violation overall. Defendant provided a medical note regarding his health, then stated his condition prohibited drug testing. In contrast, his doctor informed Probation that Defendant's condition does not prevent drug testing. (*Violation Report, Sept. 10, 2009.*)
[2] GIVE is an alternative to immediate revocation.

Probation requested a drug test from Defendant. However, Defendant admitted to smoking methamphetamine on July 30, 2018, via a written declaration. No drug test was conducted. This was Defendant's first positive drug test since entering GIVE, and his 18th positive test since probation began. *(Violation Report, Jul. 2, 2018.)*

2. On July 25, 2018, a *second* Violation Report was filed against Defendant for failing to report twice a week, or as otherwise ordered, to Probation. Defendant missed his scheduled GIVE meeting on July 24, 2018, and did not report twice weekly as required. *(Violation Report, Jul. 2, 2018.)*

3. On July 26, 2018, a *third* Violation Report was filed against Defendant for consuming an illegal controlled substance, *i.e.,* methamphetamine. On July 19, 2018, Defendant was drug tested by Probation; the test revealed a presumptive positive for methamphetamine. Defendant challenged the result, and so the sample was sent off-island for confirmation. On July 26, 2018, it reconfirmed the positive test result. This was Defendant's second positive drug test since entering GIVE, and his 19th positive test since probation began. *(Violation Report, Jul. 26, 2018.)*

4. On September 27, 2018, a *fourth* Violation report was filed against Defendant for failing to report to Probation as ordered, and for consuming an illegal controlled substance, *i.e.,* methamphetamine. Defendant did not report to Probation on September 24, 2018. On September 27, 2018, Defendant tested presumptive positive for methamphetamine. Defendant admitted to smoking methamphetamine the day before via written declaration. This was Defendant's third positive drug test since entering GIVE, and his 20th positive test since probation began. *(Violation Report, Sept. 27, 2018.)*

5. On October 26, 2018, a *fifth* Violation Report was filed against Defendant for failing to report twice a week, or as otherwise ordered, to Probation. On October 23 and 25, 2018, Defendant did not report twice weekly as required, and in addition, missed his scheduled GIVE meeting on October 25, 2018. *(Violation Report, Oct. 26, 2018.)*

6. On October 30, 2018, a *sixth* Violation Report was filed against Defendant for

consuming an illegal controlled substance, *i.e.,* methamphetamine. Defendant was arrested pursuant to a warrant issued on October 26, 2018. When in custody, Defendant admitted to ingesting methamphetamine on October 29, 2018. No test was conducted. This was Defendant's fourth positive drug test since entering GIVE, and his 21st positive test since probation began. *(Violation Report, Oct. 30, 2018.)*

7. On May 2, 2019, a *seventh* Violation Report was filed against Defendant for failing to attend and successfully complete a drug counseling program. On March 25, 2019, Defendant was discharged from his inpatient treatment program at the Salvation Army Lighthouse Recovery Center ("LRC"). He did not report to Probation after leaving. Probation was then notified on April 2, 2019. *(Violation Report, May 2, 2019.)*

The People filed a Motion to Revoke Probation against Defendant on December 13, 2018.[3] Defendant filed an Opposition on January 3, 2019. Pursuant to the Supreme Court's guidance in *People v. Ongiil*, 2016 Guam 34, Defendant was given numerous notices concerning his probation revocation; the first notice was given after his fifth violation was filed on October 26, 2018.[4] The Motion Hearing was first set for October 30, 2018. *(Min. Sept. 28, 2018.)* However, due to Defendant's absconding and requests for continuances, ultimately, no oral argument was heard. The Court took the matter under advisement on June 17, 2019.

## DISCUSSION

The People now seek an Order from this Court to revoke Defendant's probation. Six Violation Reports were filed within the first five months of Defendant's entry into GIVE. *(Mot. Revoke 3, Dec 13, 2018.)* After Defendant filed his Opposition to the Motion, his seventh Violation Report was filed. *(Violation Report, May 2, 2019.)* The People state these repeated violations are sufficient probable cause to summon Defendant's appearance. *(Mot. Rev. 3.)* Defendant opposes and instead urges the Court to "impose a lesser sanction than revocation[,] and . . . . [provide] an opportunity to make good on his outstanding conditions." *(Def.'s Opp'n 2, Jan.*

---

[3] Defendant's fifth violation began a series of hearings and continuances for the Parties' Motion Hearing. Defendant was notified of the hearing as follows: via Warrant of Arrest (Oct. 26, 2018), via Violation Six (Oct. 30, 2018) and Seven (Apr. 2, 2019), and orally via ten hearings on Oct. 30 and Nov. 9, 14, 28, 2018 and Jan. 9, 22, 25; May 15, 28; and June 17, 2019.

[4] *See supra note 3.*

*3, 2019.)*

Relevant to probation revocation, Guam Law states:

[a]t any time before the discharge of the offender or the termination of the period of suspension or probation: . . . [t]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

*9 GCA § 80.66(a)(2) (2017)*. Furthermore, when revocation does occur, the court is empowered to sentence a defendant to any sentence that may have been imposed originally for the crime the defendant was convicted of. *See 9 GCA § 80.66(b)*. The decision to revoke probation is discretionary; there is no bright-line rule for when revocation is appropriate. *See U.S. v. Gallo, 20 F.3d 7, 14-15* (reasoning "[w]hen revocation of probation is committed to judicial discretion, judges should not regard it as a routine response to every probation violation. Rather, revocation should be reserved for those instances in which the case history, coupled with the probationer's behavior, indicates that it is a fair, just and sensible outcome.").

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho, 2009 Guam 6 ¶ 26*. Be that as it may, revocation still "implicates a liberty interest, which entitles him to some procedural due process." *Id.* Although probationers lack the "full panoply of due process rights due other criminal defendants," probationers facing revocation are still entitled: "(1) notice of claimed violations, (2) [an] opportunity to appear and present evidence, (3) the conditioned right to confront adverse witnesses, (4) an independent decision maker, and (5) a written report of the hearing." *Id.*

Probation revocation is a two-step analysis: First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Id. at ¶ 27*. If the violation is proven, "the court must determine if the violation warrants revocation of probation." *Id.* "Guam law provides that an evidentiary hearing be held on the revocation and providing for cross-examination of witnesses and representation of counsel." *Id. at ¶ 28*. By contrast, if a probationer admits to a violation, "the procedural due process safeguards and an evidentiary

hearing are not necessary." *Id.* By way of admission, the violation requires no further proof, the court may then "proceed to the second step of the inquiry and determine whether the violation warrants revocation . . . [but] the probationer must be given an opportunity to present evidence that explains and mitigates his violation." *Id.*

## A. Defendant Violated His Conditions of Probation.

The standard for determining whether a probationer violated a condition of his probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30. The court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (brackets omitted).

A probationer's conduct has not been as required by the conditions of probation where the probationer admits to the conduct underlying the violation and provides no excuse sufficient to excuse his failures. *See Camacho, 2009 Guam 6 ¶ 31* (finding a defendant in violation of a condition of probation where his only excuse for not attending and completing a treatment program was that no specific date was noted in the court's judgment, where the judgment provided the defendant should report to the program within seventy-two hours from release or his guilty plea, whichever was later).

Since entering GIVE, Defendant's violations involved the following conditions: (a) attending and completing a drug or alcohol treatment program, (b) reporting to Probation as ordered, (c) submitting to drug testing when requested, and (d) consuming illegal controlled substances. Two other conditions are violated as a result of any violation.[5]

First, Defendant violated his condition to attend and complete treatment. On April 3, 2018, Defendant requested admittance into GIVE to receive treatment and avoid immediate revocation. At this time, Defendant had only one outstanding condition, *i.e.*, attend and complete a drug or alcohol treatment program. New Beginnings at GCHWC reaffirmed that he requested for treatment and offered assistance with intake if Defendant's probation was extended. *(Info. Report, Nov. 28, 2018)*. The Court allowed him another chance, permitting his entry into GIVE.

---

[5] Section 11(f)(xvii) and (xix) of the Deferred Plea Agreement are implicated whenever any violation occurs. *See supra Part "Background."*

*(Violation Report, May 9, 2018)*. Nonetheless, on March 25, 2019, Defendant left LRC's inpatient treatment program, contacting neither LRC nor Probation. Defendant was subsequently arrested.

Second, Defendant violated his condition to report weekly. Defendant was to report weekly, or as otherwise ordered by the Court. Four Violation Reports were filed for his non-appearance. Defendant missed two GIVE meetings and four twice weekly reporting. At no time did Defendant offer an excuse for his absence.

Third, Defendant violated his condition prohibiting the use and possession of illegal controlled substances. Defendant violated this condition four times which are proven through his positive drug tests or admissions to smoking. Defendant challenged one violation, which was later confirmed positive; he admitted to the remaining violations via declaration. Defendant's admissions and the confirmed positive drug tests are evidence of Defendant's violations.

Lastly, Defendant violated two other conditions, *i.e.* obey all Guam laws, and abide by the Court's reasonable conditions. These conditions are standard, and are concurrently implicated with any other violation.[6] Because Defendant was in violation of the three above-mentioned conditions, Defendant now violates all five.

## B. Defendant's Violations of Probation Warrant Revocation.

A finding that Defendant is in violation of probation does not end a court's inquiry. The Court must also determine whether the violation warrants revocation.

> The United States Supreme Court has reasoned that with regard to probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine."

*Bearden v. Georgia,* 461 U.S. 660, 671-72 (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probationer's conditions of probation. *See Camacho, 2009 Guam 6 ¶ 31* (holding a probationer's violation of his probation were serious enough to warrant revocation (1) where the probationer failed to report for drug tests which was a substantial violation because he was

---

[6] *See supra* Part "Discussion," Section A; *see also supra* Part "Background."

convicted of a drug-related offense and the whole theory behind the testing condition was to make sure the probationer was clean and sober; and (2) where the defendant failed to pay a fine, though the court acknowledged that the failure to pay alone was not as serious a factor as the failure to report for drug tests); *see also* *U.S. v. Nolan*, *932 F.2d 1005, 1006 (1st Cir. 1991)* (reasoning a defendant's violation of special psychiatric treatment condition of his probation warranted revocation where the defendant was convicted of receiving visual depictions of minors engaged in sexually explicit conduct and the defendant unilaterally terminated his participation in a treatment program that was intended to correct the defendant's sexual proclivity toward children).

On August 5, 2009, the Court deferred Defendant's guilty plea for a period of five years pursuant to his Deferred Plea Agreement. By April 30, 2018, Defendant had only one outstanding condition, to wit, the completion of a drug or alcohol treatment program. *(Min., Apr. 30, 2018.)* At present, a decade has passed since his deferred plea, and yet this one condition remains. Moreover, Defendant continues to violate his probation conditions by smoking methamphetamine or missing scheduled meetings. On October 26, 2018, the Parties came before the Court on a hearing for Defendant's probation status as he had surpassed the limit of GIVE violations. The hearing was continued several times, during which Defendant repeatedly asked for treatment.[7]

The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Before Defendant entered GIVE, he was at risk for immediate revocation, and therefore asked the Court for a treatment refresher course. *(Min., Apr. 30, 2018.)* On May 9, 2018, the Court granted his request, and so he entered GIVE. *(Min., May 9, 2018.)* While in GIVE, Defendant received his sixth violation and was again at risk for probation revocation. *(Min., Nov 14, 2018.)* Although his seven violations exceeded GIVE's conditions, he asked the Court for another chance at recovery, this time at LRC. *Id.* The Court stated LRC was outside GIVE, but nevertheless, allowed treatment there. *(Min., Jan. 25, 2019.)* Now, Defendant asks "he be given an opportunity to make good on his outstanding conditions[,] . . . [and] continue with [GIVE] so he can seek the treatment he needs." *(Def.'s Opp'n 2-3, Jan. 3, 2019.)* It is evident by the record Defendant merely recycles his reasons for extensions. Defendant comes and

---

[7] *See supra note 3.*

goes to treatment as he pleases, and then offers no excuse. If Defendant intends probation to be an opportunity for treatment, his actions do not reflect so.

Revocation is warranted when a probationer's violation upsets the intent of his conditions of probation. *See Camacho*, 2009 Guam 6 ¶ 31 (holding a probationer's violation of his probation were serious enough to warrant revocation (1) where the probationer failed to report for drug tests which was a substantial violation because he was convicted of a drug-related offense and the whole theory behind the testing condition was to make sure the probationer was clean and sober; and (2) where the defendant failed to pay a fine, though the court acknowledged that the failure to pay alone was not as serious a factor as the failure to report for drug tests); *see also, U.S. v. Nolan*, 932 F.2d 1005, 1006 (1st Cir. 1991) (reasoning a defendant's violation of special psychiatric treatment condition of his probation warranted revocation where the defendant was convicted of receiving visual depictions of minors engaged in sexually explicit conduct and the defendant unilaterally terminated his participation in a treatment program that was intended to correct the defendant's sexual proclivity toward children).

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's drug use, absence from meetings and reports, and refusal of treatment all frustrate the purpose of seeking recovery. Defendant was granted the opportunity, time and support to comply with his conditions and receive treatment. Yet, Defendant deliberately gave up the treatment he sought two months earlier.

Defendant cannot satisfy his probation conditions without attending treatment. His continued drug use, repeat absences, and treatment absconding is not the path for a sober life. A dichotomy exists between Defendant's want for treatment and his actions thereafter. The extensions granted were opportunities to move forward; and yet, in each opportunity he took a step back. Defendant cannot build a better life without the tools to do so. Therefore, it is in Defendant's best interest for the Court to revoke probation.

///

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court **GRANTS** the People's Motion to Revoke Probation.

A **Further Proceedings** hearing is set for _10/23/19_ at _10a.m._.

**SO ORDERED** _10/8/19_.

_(signature)_

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: AG & PDSC

Date: 10-8-19  Time: 2pm

Deputy Clerk, Superior Court of Guam